IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| Derrick Antron Young, | ) | |
|---|---|---|
| | ) | Civil Action No. 6:16-2849-TMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden of Evans Correctional Institution, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Derrick Antron Young ("Petitioner"), a state prisoner proceeding pro se and *in forma pauperis*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that Respondent's motion for summary judgment (ECF No. 11) be denied, Respondent's motion to dismiss for failure to exhaust state remedies (ECF No. 15) be granted without prejudice, and Petitioner's motions for default judgment (ECF No. 19) and to stay proceedings (ECF No. 22) be denied. The Report further recommends that adopting the Report renders moot Petitioner's motion to amend his complaint (ECF No. 39). Petitioner was advised of his right to file objections to the Report (ECF No. 45 at 12), and he filed timely objections. (ECF No. 50).

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the

1

court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## I. Background/Procedural History

The magistrate judge set forth the background and procedural history in his Report. (ECF No. 45 at 1–8). Briefly, Petitioner, currently incarcerated at Evans Correctional Institution, was indicted by a Greenville County Grand Jury for resisting arrest and assault; possession with intent to distribute cocaine base; trafficking cocaine; and trafficking cocaine base. *Id* at 1. Petitioner waived presentment on a charge of failure to stop for a blue light. *Id*.

On October 9, 2012, Petitioner, represented by retained counsel Christopher Posey, pled guilty to all of the aforementioned charges. *Id*. Petitioner was sentenced to ten years incarceration for resisting arrest with assault; thirteen years for possession with intent to distribute cocaine base, second offense; thirteen years for trafficking cocaine (28–100 grams), second offense; thirteen years for trafficking cocaine base (28–100 grams), first offense; and three years for failure to stop for a blue light. Petitioner did not appeal his convictions or sentences.

Petitioner filed an application for post-conviction relief ("PCR") (2013-CP-23-4575) on August 21, 2013. *Id*. at 2. After a hearing, the PCR court denied Petitioner relief in an order filed November 17, 2014. *Id* at 2–3. Petitioner filed a timely appeal of the denial of his PCR

2

application. *Id*. at 3. On November 9, 2016, the South Carolina Supreme Court denied Petitioner's petition for a writ of certiorari. *Id*. The remittitur was filed December 15, 2016. *Id*.

Petitioner filed a second PCR application (2015-CP-23-5319) on August 27, 2015. *Id*. On May 6, 2016, Petitioner filed a motion to consolidate the appeal in his first PCR action with his second PCR application. *Id*. at 4. On May 19, 2016, the Supreme Court of South Carolina dismissed Petitioner's motion finding that no extraordinary reason existed to entertain it pursuant to *Key v. Currie*, 406 S.E.2d 356 (S.C. 1991). *Id.* On August 9, 2016, the State filed its return and motion to dismiss requesting that Petitioner's second PCR application be summarily dismissed because it was successive, untimely, and failed to make a prima facie showing of newly discovered information. *Id.* On September 7, 2016, Petitioner filed objections. *Id*. Petitioner's second PCR application is presently pending in the Grenville County Court of Common Pleas. *See* Greenville County 13th Judicial Circuit Public Index, https://www2.greenvillecounty.org/SCJD/PublicIndex/PISearch.aspx (enter "Derrick Young" and "search," and click on "2015CP2305319") (last checked September 19, 2017).[1]

Petitioner filed the instant habeas corpus petition on August 15, 2016, raising five grounds for relief. (ECF No. 1). On October 19, Respondent filed a motion for summary judgment (ECF No. 11), a motion to dismiss for failure to exhaust state remedies (ECF No. 19), and a return and memorandum in support of the motion to dismiss (ECF No. 12). On October 24, 2016, Petitioner filed a motion for default judgment. (ECF No. 19). On November 4, 2016, Petitioner filed a response in opposition to Respondent's dispositive motions (ECF No. 21) and a

---

[1] The Fourth Circuit held that "a court may properly take judicial notice of 'matters of public record' and other information that, under Federal Rule of Evidence 201, constitute 'adjudicative facts.'" *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500 (4th Cir. 2015); *O'Tolle v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007) ("It is not uncommon for courts to take judicial notice of factual information found on the world wide web."); *Jeandron v. Bd. of Regents of Univ. Sys. of Maryland*, 510 F. App'x 223, 227 (4th Cir. 2013) (stating the court may take judicial notice of information on a web site, "so long as the web site's authenticity is not in dispute.").

3

motion to stay proceedings (ECF No. 22). On November 8, 2016, Respondent filed a reply to Petitioner's response to the motion to dismiss (ECF No. 23) and a response in opposition to Petitioner's motion to stay (ECF No. 24). On March 1, 2017, Petitioner filed a motion to amend his petition (ECF No. 39) and Respondent filed a response in opposition on March 14, 2017 (ECF No. 40). Petitioner filed a motion for extension of time to file a reply on March 22, 2017 (ECF No. 47), which the court hereby grants, and a reply (ECF No. 49) on March 27, 2017, which the court considers in its analysis below.

## II. Discussion

In his report, the magistrate judge recommended that the court deny Respondent's motion for summary judgment (ECF No. 11) and grant Respondent's motion to dismiss Petitioner's habeas petition without prejudice (ECF No. 15) for failure to exhaust state remedies because Petitioner's second PCR action remains pending in state court. The magistrate judge recommended that Petitioner's motion to stay the instant petition (ECF No. 22) be denied because, while the petition contains both exhausted and unexhausted claims, Petitioner failed to make the requisite showings. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005) (A district court should stay, rather than dismiss a mixed petition "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."). Further, the magistrate judge recommended Petitioner's motion for entry of default (ECF No. 19) be denied because the docket shows that Respondent timely filed a return and dispositive motions in the present action. Finally, the magistrate judge noted that if the district court adopts the recommendation, Petitioner's motion to amend (ECF No. 39) will be rendered moot.

## A. Objections

Neither party addressed the magistrate judge's recommendations that Respondent's motion for summary judgment (ECF No. 11) and Petitioner's motion for entry of default (ECF No. 19) be denied. Finding no clear error, the court adopts the magistrate judge's recommendation and denies Respondent's motion for summary judgment (ECF No. 11) and Petitioner's motion for entry of default (ECF No. 19).

Petitioner raises four specific objections to the magistrate judge's Report. First, he asserts that the magistrate judge erred by finding that his second PCR application is proceeding on its normal course without inordinate delay. Petitioner does not dispute that his PCR proceedings are ongoing. He claims that, at the time of his objections, there has been a nineteen-month delay and argues that this constitutes an inordinate delay. (ECF No. 50 at 3).

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." *O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999). "The exhaustion requirement . . . is now codified at 28 U.S.C. § 2254(b)(1)." *Id.* (internal citations omitted). "The exhaustion requirement . . . serves to minimize friction between our federal and state systems of justice by allowing the State an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights." *Duckworth v. Serrano,* 454 U.S. 1, 3 (1981). "An exception is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Id.* "State remedies may be rendered ineffective by inordinate delay or inaction in state proceedings." *Ward v. Freeman,* No. 94-6424, 1995 WL 48002, at *1 (4th Cir. Feb. 8, 1995) (unpublished).

As discussed above, Petitioner's second PCR application (2015-CP-23-5319) was filed on August 27, 2015. (ECF No. 45 at 3). On May 6, 2016, Petitioner filed a motion to

consolidate the appeal in his first PCR action with his second PCR application. *Id*. at 4. On May 19, 2016, the Supreme Court of South Carolina dismissed Petitioner's motion. *Id.* On August 9, 2016, the State filed its return and motion to dismiss. *Id.* On September 7, 2016, Petitioner filed objections. Petitioner's second PCR application remains pending, however, the court agrees with the magistrate judge that Petitioner's PCR application is proceeding on its normal course and that Petitioner has failed to show inordinate delay on the part of the State. (ECF No. 45 at 10). "Courts typically find an inordinate delay only when much longer periods of time have passed [than 24 months]." *Miller v. McFadden*, C.A. No. 1:14-483-RBH, 2015 WL 846530, at *2 (D.S.C. Feb. 26, 2015).

The court finds that the present delay does not rise to the level of an inordinate delay and does not render Petitioner's state court remedies ineffective. *See Ward*, 1995 WL 48002, at *1 (holding that fifteen-year delay rendered petitioner's state remedies ineffective and negated exhaustion requirement); *Miller*, 2015 WL 846530 (finding no inordinate delay where the time between when the petition was filed and when the state issued its Order of Dismissal was approximately 24 months); *Cobarruvias v. Cartledge*, C.A. No. 4:12-3096-DCN-TER, 2012 WL 6772231, *2 (D.S.C. Nov. 2012) (finding that 22 months does not qualify as inordinate delay); *Straws v. Padula,* No. 4:08–02714–HFF–TER, 2008 WL 4180308 (D.S.C. Sept. 3, 2008) (delay of twenty six months not inordinate); *see also Lee v. Stickman,* 357 F.3d 338, 341–42 (3rd Cir. 2004) (holding that an 8-year delay in reaching the merits of a post-conviction petition constitute inordinate delay); *Mathis v. Hood,* 851 F.2d 612, 612–13 (2d Cir. 1988) (holding five and one-half year delay rendered state remedies ineffective); *Wojtczak v. Fulcomer,* 800 F.2d 353, 354 (3d Cir. 1986) (holding thirty-three month delay rendered state remedy ineffective); *cf. Walkup v.*

*Haines,* 2005 WL 2428163, *3 (S.D. W.Va. 2005) (The length of delay "is not a determinative factor when some of the delay is attributable to petitioner.").

Furthermore, this court is restrained by the principles of comity. *See Castille v. Peoples,* 489 U.S. 346, 349 (1989) ("The exhaustion requirement . . . is grounded in principles of comity and reflects a desire to 'protect the state courts' role in the enforcement of federal law.' ' (quoting *Rose v. Lundy,* 455 U.S. 509, 518 (1982)). The exhaustion requirement of section 2254 "creates a 'strong presumption in favor of requiring the prisoner to pursue his available state remedies." ' *Id.* (quoting *Granberry v. Greer,* 481 U.S. 129, 131 (1987)). Accordingly, the court overrules Petitioner's first objection.

Second, Petitioner asserts that his PCR counsel was ineffective for failing to file for a rehearing pursuant to S.C. R. Civ. P. 59(a) because doing so would have allegedly saved petitioner from filing his second PCR application. However, "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. 2254(i); *see also Martinez v. Ryan,* 132 S. Ct. 1309, 1320 (2012) (acknowledging that "§ 2254(i) precludes [a habeas petition] from relying on the ineffectiveness of his postconviction attorney as a 'ground for relief"). *See generally Bryant v. Maryland,* 848 F.2d 492, 494 (4th Cir. 1988) (claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas relief); *Hassine v. Zimmerman,* 160 F.3d 941, 954 (3d Cir. 1998) (errors in state post-conviction proceedings are collateral to the conviction and sentence and do not give rise to a claim for federal habeas relief).

In *Coleman v. Thompson*, 501 U.S. 722, 752 (1991), the United States Supreme Court held that any errors of PCR counsel cannot serve as a basis for cause to excuse a petitioner's

procedural default of a claim. In *Martinez v. Ryan*, 132 S. Ct. 1309 (2012)*,* as cited by Petitioner in his objections, the Supreme Court established a "limited qualification" and held that inadequate assistance of counsel at initial collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance of trial counsel.

However, the *Martinez* exception is inapplicable here. *Martinez,* 132 S. Ct. 1309. In *Martinez*, the question before the court was "whether a federal habeas court may excuse a procedural default on an ineffective-assistance claim when the claim was not properly presented in state court due to an attorney's errors in an initial-review collateral proceeding." *Id.* at 1313. Such a question is not presently before the court as the PCR court addressed Petitioners ineffective assistance claim on the merits in his first PCR application (ECF No. 12-2) and the instant Report did not find that Petitioner procedurally defaulted on his claim of ineffective assistance of plea counsel. Accordingly, Petitioner's second objection lacks merit.

Third, as the court can glean, Petitioner asserts that the magistrate judge erred by finding that Petitioner failed to exhaust state remedies because his claims in his second PCR application were already litigated in his first PCR action and because federal habeas court allows the introduction of newly discovered evidence. However, it is not for this court to decide whether Petitioner's second PCR application, before the state court, is repetitive of his first PCR application. This court is restrained by the principles of exhaustion and comity. *See Castille,* 489 U.S. at 349 ("The exhaustion requirement . . . is grounded in principles of comity and reflects a desire to 'protect the state courts' role in the enforcement of federal law." ' (quoting *Lundy,* 455 U.S. at 518). Further, Petitioner cites *Winston v. Kelly*, for the principal that new supplemental evidence that does not "fundamentally alter the legal claim already considered by the state courts" may be properly be considered by a federal habeas court. 592 F.3d 535, 549

(4th Cir. 2010). However, this principal does not excuse the state remedy exhaustion requirement. *Id.*[2] Thus, the court declines to undertake a habeas action by Petitioner until the available state court remedies are exhausted. *See O'Sullivan,* 526 U.S. at 842.

Fourth, Petitioner objects to the magistrate judge's recommendation that his motion to stay be dismissed. (ECF No. 50 at 8). Petitioner asserts that his failure to exhaust was caused by dilatory litigation tactics by the Respondent. He asserts that Respondent utilized dilatory litigation tactics by taking approximately one year to respond to Petitioner's second PCR application and by moving to dismiss Petitioner's second PCR application (ECF No. 12-10) and habeas petition (ECF No. 15). However, his argument fails to demonstrate any dilatory tactics of the Respondent. First, statutory requirements provide that "[w]ithin thirty days after the docketing of the [PCR] application, or within any further time the court may fix, the State shall respond by answer or by motion." S.C. Code § 17–27–70. "Compliance with the thirty day time limit prescribed by the statute is . . . not mandatory, . . . but discretionary with the trial court." *Guinyard v. State,* 195 S.E.2d 392, 394 (S.C. 1973). Petitioner has not demonstrated that Respondent exceeded the appropriate amount of time to respond. Petitioner also fails to demonstrate that the Respondent or state court has caused inordinate delay in the processing of Petitioner's second PCR application, as discussed above. *See, e.g., Ward,* 1995 WL 48002, at *1; *Straws,* 2008 WL 4180308; *Lee,* 357 F.3d at 341–42; *Miller*, 2015 WL 846530. Further, Petitioner fails to offer any support for his conclusory argument that Petitioner's motions to dismiss, properly filed in the second PCR action (ECF No. 12-10) and in this habeas action (ECF

---

[2] Petitioner also cites to the principal articulated in *Monroe v. Angelone*, that "[the Antiterrorism and Effective Death Penalty Act of 1996's] deference requirement does not apply when a claim made on federal habeas review is premised on *Brady* material that has surfaced for the first time during federal proceedings." 323 F.3d 286, 297 (4th Cir. 2003). However, this principal does not excuse the state remedy exhaustion requirement and is thus irrelevant because Petitioner's second PCR application remains pending.

9

No. 15), constitute dilatory tactics. Accordingly, the court adopts the magistrate judge's Report and finds that Petitioner's failure to exhaust state court remedies warrants dismissal of this habeas petition without prejudice.

**B. Motion to Amend**

In his report the magistrate judge stated that if the district court adopts the Report, Petitioner's motion to amend (ECF No. 39)[3] will be rendered moot. As shown by Respondent in his response to Petitioner's motion to amend (ECF No. 40 at 2) and conceded by Petitioner in his reply (ECF No. 49 at 5), Petitioner's second PCR application remains pending in state court. Accordingly, based on the foregoing analysis, because the court is dismissing Petitioner's action for failing to exhaust state court remedies, Petitioner's motion to amend and proposed amendments are presently rendered moot.

### III. Conclusion

The court has thoroughly reviewed the Report of the magistrate judge and the filings in this case. For the reasons set forth above and by the magistrate judge, the court overrules Petitioner's objections and hereby adopts the Report (ECF No. 45) and incorporates it herein. Accordingly, Respondent's motion for summary judgment (ECF No. 11) is **DENIED**, Respondent's motion to dismiss for failure to exhaust state remedies (ECF No. 15) is **GRANTED** without prejudice, Petitioner's motion for default judgment (ECF No. 19) is **DENIED**, and Petitioner's motion to stay proceedings (ECF No. 22) is **DENIED**. Further, Petitioner's motion for extension of time to file a reply (ECF No. 47) is **GRANTED** and Petitioner's motion to amend his complaint (ECF No. 39) is hereby **DENIED as moot**.

---

[3] Petitioner's proposed amended petition adds factual allegations to the five grounds alleged in his original petition and three additional grounds.

Additionally, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the court finds that the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
September 19, 2017